IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KATHY LYNN STARK, Individually, and as a Representative of Bobby Ray Stark,<br><br>Plaintiff,<br><br>v.<br><br>HCA HEALTH SERVICES OF TENNESSEE, INC. d/b/a TRISTAR CENTENNIAL MEDICAL CENTER,<br><br>Defendant. | NO. 3:23-CV-00494<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

___

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON BEHALF OF HCA HEALTH SERVICES OF TENNESSEE, INC., D/B/A TRISTAR CENTENNIAL MEDICAL CENTER**
___

Defendant, HCA Health Services of Tennessee, Inc., d/b/a TriStar Centennial Medical Center (hereinafter "Centennial Medical Center"), pursuant to Federal Rule of Civil Procedure 12(b)(1), comes now and moves this Court to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

**STATEMENT OF FACTS FROM PLAINTIFF'S COMPLAINT**

Bobby Ray Stark ("Mr. Stark") was a patient at Centennial Medical Center on November 24, 2022 (Docket No. 1, ¶¶ 10-11). Mr. Stark was in atrial fibrillation, and a synchronized cardioversion was ordered (Docket No. 1, ¶¶ 12, 14). During cardioversion, a shock from the defibrillator produced an electrical arc that traveled from the defibrillator to the electrode pads on Mr. Starks' chest and sparked a fire (Docket No. 1, ¶ 22). Mr. Stark suffered "partial thickness burns" to his right hand, chest, nose, scalp, face and back." (Docket No. 1, ¶ 25). Mrs. Stark witnessed the injury producing event that caused

her husband to be burned (Docket No. 1, ¶ 44) The Complaint alleges that lung damage from the event led to Mr. Stark suffering from respiratory distress and hypoxia (Docket No. 1, ¶ 26). Mr. Stark was transferred to the burn unit at TriStar Skyline Medical Center, but his condition deteriorated (Docket No. 1, ¶ 28).

Mr. Stark died on November 24, 2022, at TriStar Skyline Medical Center in Nashville, Tennessee (Docket No. 1, ¶ 1). Plaintiff, Kathy Lynn Stark ("Mrs. Stark") is the widow of Bobby Ray Stark (Docket No. 1, ¶ 1). Mrs. Stark was at Mr. Stark's bedside when he passed away (Docket No. 1, ¶ 30).

An Application for Appointment of an Administrator Ad Litem was filed by Mrs. Stark, and it includes that Mr. Stark's residence at his time of death was 424 Elk Creek Road, Cumberland City, Tennessee 37050.[1]

Notice of Intent to file a lawsuit was mailed to Centennial Medical Center on March 8, 2023 (Docket No. 1-2, pages 9-11 of 11). The claimant authorizing Notice of Intent was Mrs. Stark, and her address was listed as 424 Elk Creek Road, Cumberland City, Tennessee 37050 (Docket No. 1-2, page 9 of 11).[2] Notice of Intent was sent on Mrs. Starks' behalf individually and as the Administrator Ad Litem of Mr. Stark (Docket No. 1-2, page 9 of 11).

On May 15, 2023, Mrs. Stark filed a Complaint for wrongful death as a representative of Mr. Stark, and individually on her own for negligent infliction of emotional distress against Centennial Medical Center. (Docket No. 1, unnumbered introduction paragraph and ¶ 1). At the time of filing, Mrs. Stark claims to have been a citizen of

---

[1] Application for Appointment of Administrator Ad Litem for Cause of Action filed in the Probate Court for Stewart County, Tennessee is being filed contemporaneously.
[2] This Tennessee address is the home address listed for Mr. Stark in his Skyline Medical Center records dating back to 2014, and his 2022 Centennial Medical Center records.

2

Florida (Docket No. 1, ¶ 1). The Defendant, Centennial Medical Center is located at 2300 Patterson Street, Nashville, Tennessee 37203 (Docket No. 1, ¶ 2). Mrs. Stark asserts that the United States District Court for the Middle District of Tennessee, Nashville Division has subject matter jurisdiction because there is diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states (Docket No. 1, ¶ 3).

## LAW AND ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of jurisdiction over the subject matter. *Yeubanks v. Methodist Healthcare Memphis Hosps.,* 227 F. Supp 2d 934, 936 (W.D. Tenn. 2002). A Rule 12(b)(1) motion to dismiss challenges that factual basis of jurisdiction, the Court must weigh the evidence, and "the Plaintiff has the burden to prove the Court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005). With a Rule 12(b)(1) motion to dismiss there is not a presumption of "truthfulness [that] applies to the Complaint." *Genteck Building Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007). Likewise, the Court is "empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1230 (6th Cir. 1996).

Here, the Defendant is attacking the factual and procedural basis for subject matter jurisdiction asserted by the Plaintiff.

## II. Plaintiff's Complaint Should be Dismissed Because the United States District Court for the Middle District of Tennessee, Nashville Division Does Not Have Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332.

It is well established in Tennessee that the wrongful death statute creates only one cause of action by preserving the right of action of the decent. *Yeubanks,* 227 F. Supp. 2d at 937-38. Similarly, Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-106(a) provides that the "sole cause of action is the one that the decedent would have had absent death, against the tortfeasor." *Id.* at 937. Therefore, a beneficiary who brings an action for wrongful death is in reality pursuing the decedent's cause of action. *Id.* at 938.

The Complaint incorrectly asserts that this Court has "diversity jurisdiction (over this wrongful death action) pursuant to 28 U.S.C. § 1332 because . . . the parties are citizens of different states." (Docket No. 1, ¶ 3). However, "diversity jurisdiction" in federal court pursuant to 28 U.S.C. § 1332 only exists when . . . "**all plaintiffs** are of different citizenship than all defendants." 28 U.S.C. § 1332 (emphasis added). Title 28, Section 1332(c)(2) of the United States Code further provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2). The United States District Court for the Middle District of Tennessee further clarified that when suing in a representative capacity, citizenship is determined at the time of death of the decedent. *Jackson v. Cooper Tire & Rubber Co.,* 57 F. Supp.3d 863, 866, n. 2 (M.D. Tenn. 2014).

In the present matter the evidence before the Court establishes that Mr. Stark was a resident of Tennessee at the time of his death on November 24, 2022. Likewise, it is undisputed that HCA Health Services of Tennessee, Inc., is a Tennessee corporation with

4

its principal place of business in Tennessee, and it does business as Centennial Medical Center at 2300 Patterson Street, Nashville, Tennessee 37203. Mrs. Stark is bringing a wrongful death lawsuit on behalf of Mr. Stark as his representative. As such, Mrs. Stark "shall be deemed" to be a citizen of Tennessee, the state where he resided at the time of his death. Despite Plaintiff's assertion otherwise, this Court does not have subject matter jurisdiction based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332, because both Plaintiff (in her capacity of representative of Mr. Stark for his wrongful death claim) and Defendant are residents of Tennessee.

This Court has previously held that a Motion to Dismiss for lack of subject matter jurisdiction was proper in a similar factual scenario in *Defoe v. King,* No. 3:07-0874, 2007 U.S. Dist. LEXIS 1-7347, at *2-3 (M.D. Tenn. December 18, 2007). In *Defoe*, the defendants were residents of Tennessee, the decedent was a resident of Tennessee at death, and her father (who was the representative of the estate) was a resident of Florida. *Id.* This Court held that as a representative of the estate, the father was "deemed to be a resident of the state of Tennessee," and there was no diversity jurisdiction. *Id.* As a result, although Mrs. Stark is also bringing an individual derivative claim for negligent infliction of emotional distress and is now a citizen of Florida, this has no impact because complete diversity jurisdiction is still lacking.

### III. CONCLUSION

Centennial Medical Center moves this Court for a judgment dismissing Plaintiff's Complaint for lack of subject matter jurisdiction because there is not complete diversity jurisdiction of the parties.

5

Respectfully submitted,

**GIDEON, ESSARY, TARDIO & CARTER, PLC**

*/s/ Bryan Essary*

**Bryan Essary, #14304**
**Kim J. Kinsler, #23277**
4400 Harding Pike, Suite 1000
Nashville, TN 37205
(615) 254-0400
bryan@getclawfirm.com
kim@getclawfirm.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2023, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent electronically by the Court to all parties indicated on the electronic filing receipt as follows:

F. Dulin Kelly
Clinton L. Kelly
629 East Main Street
Hendersonville, TN 37075
(615) 800-0000
Dulin@kellyfirm.net
clint@kellyfirm.net

*Attorneys for Plaintiff*

*/s/Bryan Essary*
**Bryan Essary**